1                                                                        +

2

3

4

5

6                        UNITED STATES DISTRICT COURT

7                    NORTHERN DISTRICT OF CALIFORNIA

8

9 ENRIQUE ZAMORA SANCHEZ,           No. C 06-7310 JSW (PR)

         Petitioner,              **ORDER OF DISMISSAL WITH**

10                          **LEAVE TO AMEND AND**

     v.                      **INSTRUCTIONS TO THE CLERK**

11

 JAMES TILTON, DIRECTOR,         (Docket no. 4)

12 CALIFORNIA DEPARTMENT OF

CORRECTIONS AND

13 REHABILITATION,

14          Respondent.

                       /

15

16

17       Petitioner, currently incarcerated at the Sierra Conservation Center in Jamestown,

18 California, filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner has also filed a motion seeking to proceed *in forma pauperis*, which is now

19 GRANTED (docket no. 4).  The petition is now before the court for review pursuant to 28

20 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.  Because the Court

21 cannot discern the nature of several claims identified therein, the petition is dismissed with

22 leave to amend within thirty days.

23                                 **DISCUSSION**

24 A.    Standard of Review

25       This court may entertain a petition for writ of habeas corpus "in behalf of a person

26 in custody pursuant to the judgment of a State court only on the ground that he is in

27 custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C.

28 § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

1    A district court shall "award the writ or issue an order directing the respondent to

2 show cause why the writ should not be granted, unless it appears from the application that

3 the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  Summary

4 dismissal is appropriate only where the allegations in the petition are vague or conclusory,

5 palpably incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*, 908 F.2d

6 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

7 B.    Petitioner's Claims

8    As grounds for federal habeas relief, Petitioner asserts that: (1) trial counsel was

9 ineffective for providing incorrect advise regarding the sentence he faced and for failing to

10 competently investigate Petitioner's case; (2) appellate counsel was ineffective; (3) there

11 was insufficient evidence of Petitioner's guilt of the charged crime because his blood

12 alcohol was not tested for five hours; (4) Petitioner was denied the right to a direct appeal;

13 and (5) Petitioner's sentence was not authorized by statute.

14    An application for a federal writ of habeas corpus filed by a prisoner who is in state

15 custody pursuant to a judgment of a state court must "specify all the grounds for relief

16 which are available to the petitioner ... and shall set forth in summary form the facts

17 supporting each of the grounds thus specified."  Rule 2(c) of the Rules Governing § 2254

18 Cases, 28 U.S.C. foll. § 2254.  "'[N]otice' pleading is not sufficient, for the petition is

19 expected to state facts that point to a 'real possibility of constitutional error.'"  Rule 4

20 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970).

21 "Habeas petitions which appear on their face to be legally insufficient are subject to

22 summary dismissal."  *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102,

23 1108 (9th Cir. 1996) (Schroeder, J., concurring).

24    Petitioner lists five claims in the petition.  His first claim alleging ineffective

25 assistance of trial counsel is sufficient to warrant a response.  *See Hill v. Lockhart*, 474

26 U.S. 52, 56 (1985); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v.*

27 *Signori*, 844 F.2d 635, 638 (9th Cir. 1988).  Petitioner's third claim, regarding the

28 sufficiency of the evidence, however, fails to state a claim for relief because the alleged

2

1  violation preceded his guilty plea.  A defendant who pleads guilty cannot later raise in

2  habeas corpus proceedings independent claims relating to the deprivation of constitutional

3  rights that occurred before the plea of guilty.  *See Haring v. Prosise*, 462 U.S. 306, 319-20

4  (1983) (guilty plea forecloses consideration of pre-plea constitutional deprivations);

5  *Tollett*, 411 U.S. at 266-67 (same); *Moran v. Godinez*, 57 F.3d 690, 700 (9th Cir. 1994).

6  However, Petitioner's other claims must be dismissed for failure to state sufficient facts

7  for the Court to determine whether they can go forward.  Petitioner, however, will be

8  given leave to amend to cure this defect.

9  **CONCLUSION**

10  For the foregoing reasons and for good cause shown, this action is dismissed with

11  leave to file an amended petition within *thirty days* of the date of this order.  The amended

12  petition must contain the caption and civil case number used in this order, Case No. C-06-

13  7310 JSW (PR) and the words AMENDED PETITION on the first page.  Failure to file an

14  amended petition by the deadline will result in dismissal of this action.

15  It is Petitioner's responsibility to prosecute this case.  He must keep the Court

16  informed of any change of address by filing a separate paper with the clerk headed "Notice

17  of Change of Address."  He must comply with any orders of the Court within the time

18  allowed, or ask for an extension of that time.  Failure to do so may result in the dismissal

19  of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

20  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in

21  habeas cases).

22  IT IS SO ORDERED.

23  DATED: April 17, 2007

24  _____
   JEFFREY S. WHITE
25  United States District Judge

26

27

28

3