IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE ZAMORA SANCHEZ,<br><br>　　　　Petitioner,<br><br>　　vs.<br><br>JAMES TILTON, DIRECTOR, CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>　　　　Respondent. | No. C 06-7310 JSW (PR)<br><br>**ORDER TO SHOW CAUSE**<br><br>(Docket No. 9) |

## INTRODUCTION

Petitioner, a prisoner of the State of California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state court conviction. Petitioner has filed a motion to proceed *in forma pauperis (*docket no. 9), which is now GRANTED. This order directs Respondent to show cause why the petition should not be granted.

## BACKGROUND

According to the petition, Petitioner was convicted after a jury trial in Santa Cruz County Superior Court of multiple offenses, including driving under the influence and child endangerment. He was sentenced to 6 years in state prison. Petitioner's appeal to the California Court of Appeal was denied in 2005 and his petition for review in the California Supreme Court was apparently denied on an unknown date. Petitioner filed the instant federal habeas petition in the United States District Court for the Eastern District of

California on November 28, 2006. Petitioner subsequently filed an amended petition in this Court in 2007. This Court dismissed the petition with leave to amend, advising Petitioner that he failed to provide sufficient information regarding several claims in order to proceed. Petitioner subsequently filed a second amended petition, identical to the first. Therefore, the Court has now reviewed the petition and will dismiss claims 3, 4 and 5 and will order Respondent to show cause why Petitioner's other claims should not be granted.

## DISCUSSION

I    <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II    <u>Legal Claims</u>

Petitioner raises the following ground for relief: 1) ineffective assistance of trial counsel; and 2) ineffective assistance of appellate counsel. Liberally construed, it does not appear from the face of the petition that Petitioner is not entitled to relief on the claims set forth above. Accordingly, Respondent is ordered to respond to the petition as set forth below.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty (60)**

2

days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of the date the answer is filed.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days the date the opposition is filed.

4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

This order terminates Docket No. 9.

IT IS SO ORDERED.

DATED: <u>October 26, 2009</u>

*Jeffrey S. White*
JEFFREY S. WHITE
United States District Judge

3

|   |   |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | FOR THE |
| 3 | NORTHERN DISTRICT OF CALIFORNIA |

ENRIQUE ZAMORA SANCHEZ,

       Plaintiff,

  v.

JAMES TILTON et al,

       Defendant.
                                        /

Case Number: CV06-07310 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 26, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Enrique Zamora Sanchez
El Centro Processing Center
A90-547-562
Prisoner ID V09866
1115 North Imperial Avenue
El Centro, CA 92243-1739

Dated: October 26, 2009

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk